UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION

| | |
|---|---|
| Shannon Willard,<br><br>      Plaintiff,<br><br>v.<br><br>Affordable Care, LLC and Affordable Dentures & Implants – North Charleston, P.C.,<br><br>      Defendants. | CASE NO.: 2:24-cv-06399-DCN-MHC<br><br><br><br>**COMPLAINT**<br>**(Jury Trial Requested)** |

The Plaintiff complaining of the Defendants would show unto this Honorable Court as follows:

### JURISDICTION AND PARTIES

1. This suit is brought, and jurisdiction lies pursuant to the Civil Rights Act of 1964 (Title VII), 42 U.S.C. §2000e *et seq.* and for racial and sex discrimination under 42 U.S.C. §1981 and Title VII of the Civil Rights Act of 1964.

2. All conditions precedent to jurisdiction under §706 of Title VII, 42 U.S.C. §2000e-5, have occurred or been complied with.

   a. A charge of employment discrimination on basis of racial discrimination, sex discrimination, and retaliation was filed by the Plaintiff with Equal Employment Opportunity Commission ("EEOC").

   b. Notification of the Right to Sue was received from EEOC on or about August 16, 2024.

   c. This Complaint has been filed within the 90 days of receipt of the EEOC's Notice of the Right to Sue.

3. Plaintiff, Shannon Willard, is a citizen and resident of the State of South Carolina, and resides in Horry County, South Carolina.

4. All discriminatory employment practices alleged herein were committed within the County of Charleston, State of South Carolina.

5. The Defendant, Affordable Care, LLC, is upon information and belief, a foreign corporation organized in the State of North Carolina and operating in the State of South Carolina.

6. The Defendant, Affordable Dentures & Implants – North Charleston, P.C., is upon information and belief, a domestic corporation organized and operating in the State of South Carolina.

7. Defendants are a "person" within the meaning of §701 Title VII of the Civil Rights Act of 1964, 42 U.S.C. §2000e.

8. Defendants are an industry that affects commerce within the meaning of the Civil Rights Act of 1964, 42 U.S.C. §2000e.

9. Defendants employ fifteen (15) or more employees and is an "employer" within the meaning of the Civil Rights Act of 1964, 42 U.S.C. §2000e.

10. Defendant, Affordable Care, LLC, employed the plaintiff providing pay, benefits, leave, supervision, Human Resources Support, and having the ability to terminate the Plaintiff. Defendant, Affordable Dentures & Implants – North Charleston, P.C., also employed the plaintiff as a "joint employer" providing direct supervision of the Plaintiff, training on how to perform her job functions, supervisor, Human Resourcing support, ability to terminate, promote, demote, and transfer Plaintiff, providing all tools and machinery necessary to perform her job functions, and having the ability to effectuate the termination of the Plaintiff.

11. The parties, matters and all things hereinafter alleged are within the jurisdiction of the Court.

## STATEMENT OF FACTS

12. In or around 2012, Plaintiff began working for Defendants as a lab processor in Myrtle Beach, SC, and in 2017, Plaintiff began working as a Front Desk Associate. On or about March 25, 2022, Plaintiff was promoted to Office Manager and moved to the North Charleston location. At all times, Plaintiff was effective and efficient in her employment.

13. Defendant, Affordable Care, LLC, managed the store that Plaintiff worked at, and made hiring and firing, promotion, wage decisions, and provided Human Resources support for that store.

14. During Plaintiff's employment, Plaintiff was subjected to sex discrimination, racial discrimination, and hostile work environment by Dr. Osama Aboulkhair when he refused to acknowledge Plaintiff role as Office Manager.  Dr. Aboulkhair told the other staff that they did not have to listen to Plaintiff, despite Plaintiff being the office manager.

15. Dr. Aboulkhair told Plaintiff that "Women do not do office management jobs," and that she needed to "act her part."  Plaintiff reported the discrimination to Human Resources, Anthony Nuranja, but nothing was done.

16. Dr. Aboulkhair also told Plaintiff that she was only to communicate with him via text message, even though Caucasian co-workers were allowed to verbally communicate with him.

17. The Plaintiff once again reported the discrimination to Cynthia Whittington, Manager of Field Operations. Dr. Aboulkhair began to follow Plaintiff and aggressively yelled at her because she was reporting his actions.

18. Dr. Aboulkhair again racially discriminated against the Plaintiff when she was told that she could not use the bathroom in a certain hallway, which other Caucasian co-workers used.

19. Plaintiff again reported Dr. Aboulkhair to Ms. Whittington, but again nothing was done.

20. After the complaints, Plaintiff was forced to continue to work with Dr. Aboulkhair wherein the harassment and discrimination continued, thereby creating a hostile work environment.

21. On or about August 31, 2022, Plaintiff was terminated, due to her reports of racial discrimination and sex discrimination.

22. It was the duty of Defendants, by and through their agents, servants and/or employees, to prevent such acts and behavior from occurring and to stop it once the behavior had been reported by the Plaintiff.

23. Despite her reporting the behavior, Defendants did not take appropriate action to resolve the problems and disciplined the Plaintiff for the discrimination upon her.

24. That the unjust disciplinary actions and termination of Plaintiff with Defendants was the response by Defendants, their agents and servants, to Plaintiff's reports and complaints of sex discrimination and racial discrimination.

25. That the aforesaid conduct of Defendants, their agents and servants, violates South Carolina and United States laws against retaliatory dismissal and was, in fact, retaliatory in nature, created a hostile work environment and was in violation of Title VII of Civil Rights Act of 1964, as amended (42 U.S.C. §2000e *et seq*.).

26. As a direct and proximate result of the acts and practices of Defendants in retaliating against Plaintiff, creating a hostile work environment and in the termination of Plaintiff from employment, the Plaintiff has suffered and continues to suffer from mental anguish, humiliation, loss of enjoyment of life, damage to Plaintiff's reputation and other past and future losses.

**FOR A FIRST CAUSE OF ACTION**
**Violation of Title VII of the Civil Rights Act of 1964 – Sex Discrimination**

27. The Plaintiff reiterates and realleges each and every allegation as if fully set forth herein.

28. Plaintiff is a member of a protected group on the basis of her sex. Plaintiff was retaliated against and terminated based on her sex in violation of Title VII of Civil Rights Act of 1964, as amended (42 U.S.C. §2000e *et seq*.) and the Equal Employment Opportunity Act.

29. Defendants were wanton, reckless, willful and intentional in the discrimination of the Plaintiff in the following particulars, to wit:

   a. In failing to continue to employ Plaintiff due to her sex;

   b. In showing preferential treatment to male employees and detrimental treatment to Plaintiff; and

   c. In discharging Plaintiff due to her sex and in retaliation for filing reports of the discriminations and inappropriate behaviors.

30. That in failing to protect Plaintiff from sex discrimination, detrimental treatment and retaliation, Defendants acted with malice or reckless indifference to the federally protected rights set out under Title VII of Civil Rights Act of 1964, as amended (42 U.S.C. §2000e *et seq*.) and the Equal Employment Opportunity Act.

31. Defendants violated Title VII of Civil Rights Act of 1964, as amended (42 U.S.C. §2000e *et seq*.) and the Equal Employment Opportunity Act by allowing the sex discrimination, detrimental treatment and retaliation to exist in the workplace.

32. As a direct and proximate result of Defendants' discrimination and retaliation on the basis of sex, Plaintiff has suffered a loss of wages, benefits, and employment opportunities.

33. Defendants' employment discrimination and retaliation of Plaintiff has caused, continues to cause, and will cause Plaintiff to suffer substantial pecuniary losses, embarrassment, humiliation, mental anguish, loss of enjoyment of life, and other nonpecuniary losses.

34. Plaintiff is entitled to injunctive relief and/or civil damages from Defendants as a result of the employment discrimination as alleged above.

35. Due to the acts of Defendants, their agents and employees, Plaintiff is entitled to injunctive relief and/or civil damages, back wages, plus interest, payment for lost benefits, and reinstatement of benefits and front pay.

**FOR A SECOND CAUSE OF ACTION**
**Violation of Title VII of the Civil Rights Act of 1964 - Racial Discrimination**

36. The Plaintiff reiterates and realleges each and every allegation as if fully set forth herein.

37. Plaintiff is a member of a protected group on the basis of her race and color. Plaintiff was retaliated against and terminated based on her race and color in violation of 42 U.S.C. §1981 and

Title VII of Civil Rights Act of 1964, as amended (42 U.S.C. §2000e *et seq*.) and the Equal Employment Opportunity Act.

38. Defendants were wanton, reckless, willful and intentional in the discrimination of the Plaintiff in the following particulars, to wit:

   a.   In failing to continue to employ Plaintiff due to her race and color;

   b.   In showing preferential treatment to white employees and detrimental treatment to Plaintiff; and

   c.   In discharging Plaintiff due to her race and color and in retaliation for filing reports of the discriminations and inappropriate behaviors.

39. That in failing to protect Plaintiff from racial discrimination, detrimental treatment and retaliation, Defendants acted with malice or reckless indifference to the federally protected rights set out under 42 U.S.C. §1981 and Title VII of Civil Rights Act of 1964, as amended (42 U.S.C. §2000e *et seq*.) and the Equal Employment Opportunity Act.

40. Defendants violated 42 U.S.C. §1981 and Title VII of Civil Rights Act of 1964, as amended (42 U.S.C. §2000e *et seq*.) and the Equal Employment Opportunity Act by allowing the racial discrimination, detrimental treatment and retaliation to exist in the workplace.

41. As a direct and proximate result of Defendants' discrimination and retaliation on the basis of race and color, Plaintiff has suffered a loss of wages, benefits, and employment opportunities.

42. Defendants' employment discrimination and retaliation of Plaintiff has caused, continues to cause, and will cause Plaintiff to suffer substantial pecuniary losses, embarrassment, humiliation, mental anguish, loss of enjoyment of life, and other nonpecuniary losses.

43. Plaintiff is entitled to injunctive relief and/or civil damages from Defendants as a result of the employment discrimination as alleged above.

44. Due to the acts of Defendants, their agents and employees, Plaintiff is entitled to injunctive relief and/or civil damages, back wages, plus interest, payment for lost benefits, and reinstatement of benefits and front pay.

## **FOR A THIRD CAUSE OF ACTION**
**Retaliation**

45. The Plaintiff repeats and reiterates the foregoing allegations as if repeated verbatim herein.

46. As alleged above, Plaintiff satisfactorily performed her essential and fundamental job functions and was an exemplary employee in all respects. Upon reporting the detrimental treatment and discrimination based on her race, color and sex, Plaintiff was terminated from her

position in retaliation for asserting her rights under 42 U.S.C. §1981 and Title VII of Civil Rights Act of 1964, as amended (42 U.S.C. §2000e *et seq*.) and the Equal Employment Opportunity Act.

47. That the aforesaid conduct of Defendants, their agents and servants, violates South Carolina and United States laws against retaliatory discharge and was, in fact, retaliatory in nature and in violation of 42 U.S.C. §1981 and Title VII of Civil Rights Act of 1964, as amended (42 U.S.C. §2000e *et seq*.) and the Equal Employment Opportunity Act.

48. Plaintiff is entitled to injunctive relief and/or civil damages from Defendants as a result of Defendants' retaliation as alleged above.

49. That the aforesaid conduct of Defendants, their agents and servants, violates South Carolina and United States laws against retaliation and was, in fact, retaliatory in nature.

50. Due to the acts of Defendants, their agents and employees, Plaintiff is entitled to injunctive relief and/or civil damages, back wages, plus interest, payment for lost benefits, and reinstatement of benefits and front pay.

## **REQUEST FOR RELIEF**

51. Plaintiff reiterates and realleges each and every allegation as if fully set forth herein.

52. Due to the acts of the Defendants, Plaintiff suffered great emotional and mental distress, terror, fright, revulsion, disgust, humiliation, embarrassment, shock and indignities, lost wages, loss of front pay, back pay and other work benefits.

53. That by reason of such wrongful acts of the Defendants, the Plaintiff has been damaged in such an amount to be determined by the trier of fact.

WHEREFORE, Plaintiff prays for the following relief:

1. Judgment in favor of the Plaintiff and against Defendants for all causes of actions in an amount which is fair, just and reasonable, and for compensatory damages;

2. Prejudgment interest, costs and attorney's fees as may be allowed by law;

3. Judgment in favor of the Plaintiff and against Defendants with back pay and associated benefits she would have earned with all lost or diminished benefits such date to be determined by the trier of fact;

4. Judgment in favor of the Plaintiff and against Defendants for front pay and any other work benefits she lost in an amount to be determined by the trier of fact;

5. Judgment in favor of the Plaintiff and against Defendants for embarrassment and humiliation, and emotional distress in an amount to be determined by the trier of fact; and

6. Judgment against Defendants, in such an amount of actual damages, punitive damages, attorney fees, costs of this action and any other relief this Honorable Court deems allowable under law, and just and proper.

                           **WIGGER LAW FIRM, INC.**

                           s/*Matthew O. King*
                           Matthew O. King, Fed. I.D. #13793
                           Attorney for the Plaintiff
                           8086 Rivers Avenue, Suite A
                           North Charleston, SC  29406
                           (843) 553-9800

North Charleston, South Carolina
November 12, 2024